State of New Mexico.-- Bernalillo County --Second Distric Judicial Court.

ENDORSED
FILED IN MY OFFICE THIS
MAR 30 2026

CLERK DISTRICT COURT
NATHAN LUJAN

Daugherty
Anthony and Sheri Daugherty
plaintiffs

Vs. Case no. CV 2026 03011

Albuquerque Police Department
defendant
Bernalillo County Sheriff's Office
co-defendant

**Plaintiffs:**
Anthony and Sheri Daugherty
10201 Edith Boulevard Northeast Unit C
Albuquerque New Mexico 87113
505-447-9444
anthony.sheri 2017@gmail.com

**Defendants:**
Albuquerque Police Department
400 Roma Avenue Northwest
Albuquerque New Mexico 87102 OR
P.o.Box 1293-1 Civic Place room 7057
Albuquerque New Mexico 87103
505-768-2200

Bernalillo County Sheriff's Office
401 Roma Avenue Northwest
Albuquerque New Mexico 87102
505-468-7100

EXHIBIT
B

*****

# CIVIL COMPLAINT

This Second District Judicial Court has jurisdiction over the matters in this case because the plaintiffs are reside in Bernalillo county, the defendants are both located in Bernalillo county and the events herein took place locally as well.

## RELIEF

The plaintiffs are asking that the court award them the dollar amount of $ 150,000 from each of the the organizations for a total of $ 300,000 that will be used to cover each of their parts of the financial losses Anthony and Sheri have experienced from medical expenses, transportation costs, lost wages, and other miscellaneous expenses that are necessary to continue the treatments needed for the two of them to recover.
The plaintiffs are also asking that each of the defendants be ordered to compensate them in the amount of $ 1,000,000 for a total of $ 2,000,000 due to the suffering they've endured from physical pain and injuries, scars and disfigurement, the traumatic effect of these wrongdoings on Anthony's mental state, the suffering and extreme stress experienced by Sheri from losing her job, finding a new job, damage caused to their relationship, all while doing her best to provide care for Anthony and the additional problems with Anthony with his declining mental health, increase in mental episodes. no outside help. False information was reported after Sheri was harassed and intimidated by officers trying to influence her report, and other officers that failed to even interview her. The two are also asking for this compensation to cover the pain and suffering from damage to their relationship and for all the negative results of this blatant interruption in their lives as the two have had all of the above mentioned responsibilities plus the continuing appointments, submitting complaints, making phone calls, messages, emails, research, printing documents and everything else required to fight and/or manage these court related matters. From July till the time this complaint was filed, the number of times that Anthonys problems escalated to a level that required Sheri to call for help or to call 911 increased drastically.

# OFFENSES OF THE CLAIM

Anthony Daugherty has a severe mental illness. He has suffered immensely and been irreperably harmed by a series of events that have occurred in the 9 month period beginning in July of 2025 and continuing through to March of 2026. These events were brought about by the hands and mouths of the employees of the two organizatons listed as defendants. Some of the details of these events are harsh and even cruel.
Anthony has been falsely accused, wrongfully arrested and imprisoned. He has survived excessive use of force and deliberate indifference to his medical/mental health care needs. Multiple violations of his Civil Rights have taken place. His mental illness is a disability covered by the Americans with Disabilities Act of which certain elements have been compromised and endured by Anthony. General misconduct by officers includes falsifying evidence and witness tampering when officers were dishonest about what the wife had said, and false statements were made in documentation claiming the information had come from his wife, but were actually words twisted or exaggerated from what the wife had said or information that came from his wife but was coerced and misrepresented. This dishonesty by officers has resulted in Anthony believing his wife was lying and betraying him by giving this false information to officers trying to have him thrown in jail or into the mental hospital, which are two of his biggest fears. His marriage and his wifes well-being have been harmed by this issue which feeds into another fear of his which is the loss of her and that relationship. This particular form of harassment, especially when applied to a person with mental illness has resulted in loss of feelings of safety and stability. Anthony's has now experienced loss of trust in the laws made to protect him and loss of trust in the individuals who are supposed to uphold those laws.

The plaintiffs feel that due to the fact that the actions described in the explanation of the details of this complaint, (which is divided into situations,with the offenses numbered and underlined) have been perpetrated by multiple different members of these organizations employed in different job positions among the two different organizations and can only mean that the fault lies within and throughout each organization, and are not the fault of any one person.

# INDEX OF 30 counts of offenses/violations

## Section 1:

1. Not adhering to procedural orders is a due process violation.
2. Denying access to available community services goes against terms of the ADA. Title II.

## Section 2:

3. Due process violation, denying medical care and also
4. Cruel and unusual punishment
5. NMS 31-1-7 --arrest not at the correct location- violates due process
6. Due process violation for unlawful detention
7. Also due proces; for false and.missing documentation
8. Cruel and unusual punishment for deliberate indifference to Anthonys. mental state by unlawfully detaining him causing more mental stress
9. Misuse of restraints: excessive force and cruel and unusual punishment.
10. Cruel and unusual punishment, should never be positioned chest down
11. Cruel and unusual punishment for physical assault causing an injury
12. Violations for cruel unusual punishment and due process for. denying medical treatment
13. Due process interference for no documentation
14. Cruel and unusual punishment-- risk of asphyxiation
15. Cruel and unusual punishment-- left alone and not monitored is more. mental distress
16. Cruel and unusual punishment elevated to torture for Anthony being forced. to remain in that position, fully restrained/hogtied under excessive force for hours and hours when he was already in a mental crisis (time estimated to be. a total of 6-7. hours. )
17. Failure to intervene is another violation due to the fact that we know. there was more than 1 officer present.
18. Officers interrogation of Sheri resulted in witness tampering and. falsifying evidence

## Section 3:

19. Anthony could have been transported to the Psychiatric Center ER by. ambulance, the less restrictive option as explained in the Americans.

Disability Act instead of forcing him to be handcuffed and transferred in the. officer's vehicle- rights violation

20. Due process interference when they ignored Anthony's request to ride in the. ambulance out of fear for the officers SOP 2-19-11A

## Section 4:

21. Due process interference--false arrest
22. Unlawful imprisonment-- due process violation/cruel and unusual punishment

## Section 5:

23. Due process-- not following procedural orders by 911 operator
24. Due process interference- denying him community help services

## Section 6:

25. Due process interference--officer telling me not to call 911 for help with. Anthony

## Section 7:

26. Due process interference--false report
27. Due process interference--- false arrest
28. Due process interference-- unlawful imprisonment
29. Americans with Disabilities Act - violation refusing medical care/ taking. Anthonys prescription meds

## Section 9:

30. Intentionally causing emotional distress for making false statements to. Anthony regarding his wife.

Re: Anthony and Sheri Daugherty against the APD and BCSO
Narrative explaining the 9 situations wherein these offenses and violations of Civil Rights occurred.

**Situation** 1:
On July 22nd I made several calls to law enforcement requesting help to get Anthony to go to the hospital due to him being in a mental crisis. At the time I described it as a schizophrenic- bipolar episode. We even spoke to two officers in person. None of the officers I talked to that day made any mention at all of any crisis intervention services that were available even though that was exactly the type of service that I was requesting. (1) Each of these officers went against the APD procedural orders 2-19-6 from Response to a behavioral health call that states: responding to an individual experiencing a Behavioral Health crisis sworn personnel shall request the assistance of an ECIT or MCT, (2) which also denied him his right under the ADA Title II, to access community services that could have helped him.
I finally convinced Anthony to go to the Psychiatric Center ER later that evening. Once we got there, we went in and filled out the forms to get him checked in then went to sit in the waiting area.

**Situation** 2:
Law enforcement arrived at the Psychiatric Center ER soon after we arrived. They took Anthony into custody arresting him for Domectic Violence charges. These officers did not allow him to receive the medical/ mental health treatment he needed. Denying him medical care violates the NM Civil Rights Act entitling him to (3) due process and to be (4) free from any cruel and unusual punishment.
Furthermore, this was a false arrest because there was no report/ complaint made nor was there a warrant. Any information that might have been given to the hospital regarding the reason he was there for help is confidential and cant be used to make reports against him.
But, most significantly (5) the arrest did not take place at the scene of the alleged domestic disturbance as described in NMS 31-1-7 There was

never a domestic disturbance reported so there was no scene of a domestic disturbance. There was no justifieable cause for him to have been removed from that hospital ER nor was there just cause for him to be arrested and (6) no cause for him to be taken to a substation to be detained. The times and locations of the arrest were altered on the Uniform Incident Report which is a (7) due process violation. The location of the initial arrest was at the Psychiatric Center ER, 2600 Marble Ave,. The entries of false documentation of times and dates also considering the fact that there was missing documents for the time he was held at the substation shows that the officers were aware of their wrongdoing and those reports were adjusted to cover up that wrongdoing.

Officers displayed (8) deliberate indifference to Anthonys mental illness when they took him to that substation and put him in a holding cell/room, while he was still in mental crisis and still needed medical care. Officers held him there for the next several hours. This was unlawful detention per Albuquerque Police Department Procedural Orders since taking him into custody violated SOP 31-1-7. These officers continued to violate Anthonys rights by having him restrained in handcuffs and a spit hood after being placed in the holding cell. He was alone in a locked room and could no longer be considered a threat. When he kicked the door, which was the only way to signal to them that he needed something, the officers came back forcing him to the floor and put leg restraints on him. Then left him laying there chest down. Leg restraints are not supposed to be used unless there is a risk that the individual mught escape. The use of the restraints then became (9) unnecessary use of excessive force of restraints and restraints that arent used for their intended purpose per the Department of Public Safety Use of Force Policy section 6.

(10) SOP 2-82 restricts officers from positioning the individual face/chest down while in restraints. The officers (11) applied these restraints using the forbidden "hog tie" method.

The officers were so aggressive when moving him around that his shoulder was dislocated and he was denied medical care for that injury meaning another (12) due process violation and another act of cruel and unusual punishment. There was no documentation for this injury

(13) violating due process while this situation of unjustified restraints and unsafe positioning continued for hours. At some point he lost consciousness but he has no idea how long. Luckily he awoke on his own. This behavior by police officers was excessive use of force, (14) cruel and unusual punishment, and reckless endangerment of his mental and physical well-being because of him being in a mental crisis state and an additional risk of death by asphyxiation.

These officers (15) Intentionally caused more mental and emotional distress for Anthony. There is no mention in the Uniform Incident Report of anything that happened between the time around 9:00 p.m. when officers first took Anthony into custody till around 5:00 a.m. when Anthony was booked into Metropolitan Detention Center. I was able to find out from the court clerk that the warrant for his arrest was not issued until 4:00 a.m. So, Anthony was unlawfully detained using this extreme excessive force of the multiple types ofrestraints that had him completely disabled and laying in the prone position which immobilized him while he was already in a compromised mental state that lasted **FOR ABOUT 6 TO 7 HOURS .** Adding the extended amount of time that he endured this wretched treatment elevates this action beyond neglect and abuse (16) and raises it to the level of torture. The officers holding Anthony did not abide by any of the SOP's or the Albuquerque Police Department Procedural Orders. Under these most heinous circumstances, there is no possibility of due process. In this situation, Anthony wasnt able to communicate with anyone and there is certainly no way for him to call for help or to utilize any grievance process. The Officer or officers that were there with Deputy Barela, BCSO 284 throughout this undocumented period of time were not specifically identified, but they either participated, contributed, or at the very least showed indifference by not trying to stop any of this. That is (17) failure to intervene. Deputy Shoemaker #328 was noted to have provided transportation to the substation.

While officers were holding Anthony at the substation, another group of officers went to his home to interview his wife despite her telling them that she was overwhelmed and could not remember exactly what happened. Wife informed officers that she had been awake over 40 hours,

had a headache, and was not in any shape to try to report anything that happened. Officers continued to pressure her and put words in her mouth while she sat at the table crying. This resulted in falsifying information and witness tampering (18) more violations against due process.

**Situation 3:**

On October 9th, I was out of town and my husband began having an episode, So the RV park manager called 911 for assistance. Officers and medical personnel responded. When my husband was getting checked out, he wanted to ride with the medical personnel to the hospital. Officers would not allow him and forced him to leave the ambulance. The officers showed more deliberate indifference completely ignored Anthony and the impaired mental state he was in. He was shaking and crying. He was begging not to have to go with the officers because heì was terrified the officers were going to hurt him again like his prior experience from July. He was not showing any aggression at that time and was not a threat to anyone's safety. Those officers did not acknowledge his disability or mental condition. They did not choose the least restrictive option for him as indicated in the Americans with Disabilities Act, (19) due process violation. They put handcuffs on him and forced him to ride in the officers vehicle. There is more than one policy for this situation, but the reality is that the Officers actions induced fear and caused unnecessary harm to Anthony's mental state. SOP 2-19-11A orders that the individual may be taken by an ambulance if the officer thinks its more appropriate or (20) if the individual requests an ambulance.

**Situation 4:**

On October 19th, my husband was falsely arrested after I called 911 for an ambulance for myself for shortness of breath and chest pains. Anthony became confused and agitated and was very concerned about me. He was very concerned about my being taken to the hospital. Somehow the officers misinterpreted the situation. Even though I plainly said he had not tried to hurt me, the officers arrested him instead and transported

him to be booked into MDC.
There was (21) no cause to arrest him which violates his civil rights, also violated his rights with (22) another wrongful imprisonment, lasting 4 days, The prosecutor's office dropped the charges. He was supposed to be released from MDC on October 22nd, but he didnt get out until October 24th when they transferred him to the Psychiatric Center on 2600 Marble Ave. which added another 2 days of unlawful detention plus an unwarranted hospital stay.

**Situation 5:**
November 28, 2025, Anthony and I were staying in a hotel due to a fire that caused us to lose our home and all of our belongings. [Anthony was struggling with the trauma caused from being inside his home, waking up surrounded by flames, and barely getting out safely. ] We were arguing and he kept getting louder. His agitation was increasing. When I couldn't get him to calm down, I called 911 and requested a crisis intervention team to be sent to the hotel. The 911 operator refused to call for crisis services. She (23) violated due process by ignoring the procedural orders for responding to a behavioral health call. She just sent officers instead. I was very upset to be (24) denied access to community services again going against Anthonys Civill rights in addition to ignoring guidelines of the ADA. This is two more violations of due process.

**Situation 6:**
On January 7th, Anthony and I were arguing SD ~~17~~. He did not want to take his medicine, and I was nervous about him becoming more agitated. So I decided to call 911, but when I did that, he decided to go ahead and take his medicine. He started to calm down as much as he could. We no longer needed help. I ended my communication with 911. Officers had been dispatched and arrived to do a wellness check. At this time, Anthony was much more calm and was in a much better state of mind. We spoke to the officers. They separated us to speak to each of us individually. While he was outside talking to the male officer, the female officer was inside talking to me. She proceeded to tell me that I needed to be more careful

or I was going to get a citation for misusing 911 services. I felt greatly discriminated against and felt like I was being told that I am not entitled to 911 services even though calling 911 is the basic method for being connected to crisis services. (25) Another incident of denying us access to community services. and another due process violation.

**Situation 7:**
On January 15th, after Anthony had been out on the ķĺ for a couple days. He engaged in an argument with two men who owned and worked at a dispensary. The two of them retreated with one man going inside the store and the other one getting in his vehicle. At this time, the two obtained items to use as weapons against Anthony. He was leaving the property going down towards the sidewalk when they came after him with their weapons hitting him in the head with a piece of pipe and throwing a rock at him that took a large chunk of flesh out of the front of his lower left leg. This injury has since become severely infected and is causing him a lot of problems.
The officer that showed up at the scene, took statements, but wrote a false police report worded in such a way to make it sound like the incident began with Anthony having a weapon and threatening the two men. This account of the events was entirely untrue. The court later dismissed the charges. The officer violated Anthony's civil right to (26) due process by making a false report, (27) Then falsely arresting him, and causing him to be (28) unlawfully imprisoned. Additionally, the officer violated Anthonys right to receive medical care that is guaranteed by the American Disabilities Act when (29) When he confiscated Anthony's medicine. He denied him due process again by cruel and unusual punishment when he took that medicine. The meds were taken from Anthony at the scene and never returned. Being forced off his medicine and the new trauma he experienced from another false arrest and more time in detention put him in a very bad state of mind. Once he was released, his attitude towards treatment had become very negative. I was not able to get him back on his medicine in that next couple of weeks which led to the next situation.

**Situation** 8:

In a very short time, less than a month. Anthony became consumed by the paranoia that I was going to kick him out of our home and force him to go live on the streets triggering flashbacks of the January assault on him and everything involved in his false arrest. He was terrified and in turn committed an assault on me on February 14th.

The consequences of that prior situation including the false arrest and subsequant trauma combined with the lack of medication caused him to engage in behavior that is very much unlike him.

Our relationship has suffered additional harm due to this experience. He was arrested and held in detention again.

**Situation** 9:

The damage to our marriage, the trust, and to our security of commitment should never have happened. It is grossly negligent for any officer to make false statements that would jeopardize the trust that a person with mental illness has for their primary caregiver and their closest family member. This constitutes (30) Intentional cause of mental suffering.